## APPEAL OF GERMANTOWN BRAID CO.

Docket No. 5215.    Submitted December 15, 1925.    Decided April 20, 1926.

*Held*, on the evidence, that the two corporations were affiliated.

*Frank K. Nebeker* and *K. N. Parkinson, Esqs.*, and *H. A. Walburn, C. P. A.*, for the taxpayer.
*Percy S. Crewe, Esq.*, for the Commissioner.

Before PHILLIPS and TRAMMELL.

This is an appeal from a deficiency in income and profits taxes for the years 1918 to 1922, inclusive, amounting to $23,324.65. The error alleged is the action of the Commissioner in disallowing taxpayer the right to file a consolidated return with Sibson & Stern, Inc.

### FINDINGS OF FACT.

Taxpayer is a corporation organized August 17, 1906, under the laws of Pennsylvania, with a capital stock of $100,000, divided into 2,000 shares of the par value of $50 each. Its principal office is at Philadelphia.

Sibson & Stern, Inc., is a corporation organized in July, 1903, under the laws of Pennsylvania, with a capital stock of $110,000, consisting of 2,200 shares of the par value of $50 each. Its principal office is also at Philadelphia.

Sibson & Stern, Inc., was organized for the purpose of manufacturing knitted and woven lace edgings and trimmings for attachment to the neck of women's undergarments. These attachments are tunneled to permit of the insertion of a drawstring or braid, thus enabling the garment to be loosened or tightened around the neck. The braid is an essential complement to the edging.

Under its charter this company was restricted to the manufacture of knitted and woven fabrics, and the stockholders of Sibson & Stern, Inc., organized the taxpayer company for the purpose of manufacturing the braid which was used in connection with the edging and trimming.

The stockholders of the two companies for the taxable period, together with the percentage of stock owned in each, are as follows:

| Name. | 1918. | | 1919 and 1920. | | 1921 and 1922. | |
|---|---|---|---|---|---|---|
| | Sibson & Stern, Inc. | Germantown Braid Co. | Sibson & Stern, Inc. | Germantown Braid Co. | Sibson & Stern, Inc. | Germantown Braid Co. |
| | Per cent. | Per cent. | Per cent. | Per cent. | Per cent. | Per cent. |
| I. M. Koch | 19.1 | 28 | 19.1 | 28 | 19.1 | 28 |
| Harry L. Stern (brother-in-law of Koch) | 31.8 | 16 | 31.8 | 16 | 31.8 | 16 |
| Morton S. Hirsh (nephew of Koch) | 4.9 | 16 | 4.9 | 16 | 5.5 | 16 |
| Estate of Jos. F. Sibson | 31.8 | 8 | 31.8 | 8 | 31.8 | 8 |
| Mary M. Shriver, (employee) | .35 | | .35 | | .35 | |
| Francis J. Malone (employee) | .35 | | .45 | | .9 | |
| Jas. G. Currie (employee) | | | .18 | | .18 | |
| Ed. F. Whitehill (employee) | 6.3 | 16 | 6.3 | 16 | 6.3 | 16 |
| Thos. Branson (employee) | 1.5 | | 1.5 | | 1.5 | |
| Treasury stock | 3.9 | | 3.62 | | 2.57 | |
| Walter Sibson | | 6 | | 6 | | 6 |
| Horace E. Sibson | | 8 | | 8 | | 8 |
| Florence Davidson | | 2 | | 2 | | 2 |
| Total | 100 | 100 | 100 | 100 | 100 | 100 |

The estate of Joseph F. Sibson, one of the stockholders of the two companies above mentioned, was managed by Walter Sibson, one of the executors and a son of the decedent. Walter Sibson and Horace E. Sibson, brothers, were legatees, but under the will of the father the estate could not be divided until the death of the mother, which occurred in 1922, at which time the shares held by the estate were divided equally between the two sons.

During the year 1922, all of the stockholdings of Ed. F. Whitehill in both companies, with the exception of 20 shares in Sibson & Stern, Inc., were purchased and deposited as treasury stock. The same individuals were officers of the two corporations throughout the years

1918 to 1922, both inclusive, as shown below, except that Ed. F Whitehill resigned as an officer in both companies in the year 1922.

| Sibson & Stern, Inc. | | Germantown Braid Co. | |
|---|---|---|---|
| Name. | Office. | Name. | Office. |
| Walter Sibson | President. | I. M. Koch | President. |
| I. M. Koch | Vice president. | Ed. F. Whitehill | Vice president. |
| Harry L. Stern | Treasurer. | Harry L. Stern | Treasurer. |
| Ed. F. Whitehill | Secretary. | Walter Sibson | Secretary. |
| Morton S. Hirsh | Assistant secretary and treasurer. | Morton S. Hirsh | Assistant secretary and treasurer. |

I. M. Koch, Harry L. Stern, and Walter Sibson, constituted the board of directors of Sibson & Stern, Inc., from the period of its organization, and these same individuals, together with Morton S. Hirsh and Ed. F. Whitehill, constituted the board of directors of the taxpayer company from 1906 to 1922, both inclusive, with the exception of 1922, when Whitehill withdrew. Harry L. Stern was manager of Sibson & Stern, Inc., and I. M. Koch was manager of the taxpayer company.

The building occupied by these two companies was owned by Sibson & Stern, Inc., which leased space to the taxpayer company. They occupied different floors for manufacturing purposes, as the two commodities required different machinery.

The business of the two companies was transacted through the same office and employees. Both companies employed the same bookkeepers, stenographers, clerks, etc., as well as the same salesmen, buyers and shipping clerks. They advertised jointly and dealt largely with the same customers. The office expenses and cost were apportioned according to the gross sales of the previous year. Money was loaned and raw material was transferred from one company to the other.

The Commissioner held that the taxpayer and Sibson & Stern, Inc., were not affiliated during the years 1918 to 1922, inclusive, and determined the tax accordingly.

OPINION.

TRAMMELL: The question presented in this appeal is whether substantially all the stock in the two corporations was, during the years involved, owned or controlled by the same interests.

The greatest divergency of stock ownership in the two companies is in stock owned by the estate of Joseph F. Sibson. It owned approximately 32 per cent in Sibson & Stern, Inc., and 8 per cent in the Germantown Braid Co. Stock in the Germantown Braid Co. to the extent of 6 per cent and 8 per cent, respectively, was owned by Walter Sibson and Horace E. Sibson who owned no stock in

Sibson & Stern, Inc. There also appears a divergency in the percentage of stock ownership in the two corporations with respect to the stock owned by Koch, Stern, and Hirsh.

Walter Sibson and Horace E. Sibson were sons of Joseph F. Sibson and were legatees under his will. The estate of Sibson and the legatees under the will who would come into possession and enjoyment of stock after the death of their mother, especially when one of the legatees was an executor and in charge of the estate, are not essentially different interests. Their interests are not in any way in conflict. What was of benefit to the estate was of benefit to them. The "same interests" does not necessarily mean the same individuals. The relationship between the individuals and the facts and circumstances of the case should be considered in determining whether different individuals are in fact the "same interests." Family groups owning stock in different corporations, under the circumstances of this case, may fairly be said to be the same interests. See *Appeal of Wright Cake Co.*, 2 B. T. A. 58; *Appeal of Rishell Phonograph Co.*, 2 B. T. A. 229; *Appeal of Edward Rose Co.*, 2 B. T. A. 341.

The two corporations were operated as one business unit. The facts and circumstances of the case indicate that the stock not owned by the two family groups was actually controlled by them. The interests, therefore, which controlled substantially all the stock of one company, owned and controlled substantially all the stock in the other. The corporations are for that reason held to have been affiliated.

*Order of redetermination will be entered on 10 days' notice, under Rule 50.*